Peaesost, O. J.
 

 The case of
 
 Cole
 
 v. Tyson, 8 Ire. Eq. 170, is an authority, directly in point, to establish the equity of
 
 *128
 
 the plaintiffs as against the defendant, Stowe, to a decree for the specific performance of the contract, and to charge him with the profits he made, or might, by reasonable diligence,, have made, during the time he was in possession, and also* to-subject him to the costs of the plaintiff.
 

 The ease of
 
 Taylor
 
 v. Kelly, 3 Jones’ Eq. 240, is- an authority, directly in point, to establish the equity of the- plaintiffs to- follow the fund in the hands of Stowe, and to- charge him with the price he received for the land from the other defendant, Harrison, with interest, subject to a deduction for such part of the original purchase-money, which was not paid by Sugg, the ancestor of the plaintiffs. The administrator had no authority to surrender the title bond, or to rescind the contract, and the infancy of the plaintiffs prevented any presumption of an abandonment of their equity, arising by the lapse of time after the death of their ancestor, i. e., in 1844, until the filing of the bill.
 

 In respect to the defendant, Harrison, the bill must be dismissed, as he purchased of Stowe, who- was in possession, and is protected in the enjoyment of the land, by the fact of being a purchaser for valuable consideration, without notice off the equity of the plaintiffs.
 

 Pee Cueiam,. Decree for an- account as against the defendant, Stowe, with all costs, including those of the defendant,,Harrison..